# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT J. HAMILTON, | Case No.: 1:15-cv-00661-SAB (PC) |
| Plaintiff**, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| WASCO STATE PRISON, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff Albert J. Hamilton is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed April 30, 2015.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). On September 7, 2014, Plaintiff was housed at Wasco State Prison. (Compl. ¶ 5, ECF No. 1.) While it is unclear from Plaintiff's complaint, it appears that a riot had occurred and the inmates were ordered to lock up. (Id.) Plaintiff was housed in cell 109. As Plaintiff was returning to his cell, Correctional Officer L. Chendehen,[1] who was working the gun tower, opened cell 108 instead of cell 109 allowing two Latino inmates out of their cell. (Id.) The inmates attacked Plaintiff from behind. (Id.) Plaintiff contends that Officer Chendehen had just used his weapon to stop the riot and did not consider the use of any reasonable force to subdue his attackers. (Id.) Plaintiff brings this action against Officer Chendehen for failure to protect.

---

[1] Plaintiff uses different spellings of the defendant's name in the complaint. The Court shall adopt the spelling used on page 2 of the complaint.

For the reasons discussed below, Plaintiff fails to state a cognizable claim against Officer Chendehen. Plaintiff shall be granted an opportunity to file an amended complaint to cure the deficiencies identified in his claims.

### III.

### DISCUSSION

Plaintiff alleges that Officer Chendehen failed to protect him because he did consider the use of reasonable force to stop the attack on Plaintiff. (ECF No. 1 at 5.) Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472 (1995)). To state a claim the plaintiff must show that the defendants acted with deliberate indifference. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)).

Plaintiff alleges that Officer Chendehen did not consider the use of reasonable force to subdue his attackers. The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847.

Although Plaintiff's allegation that he was being attacked by other inmates is sufficient to meet the first prong of the deliberate indifference standard, Plaintiff has alleged no facts to show that Officer Chendehen disregarded the risk to Plaintiff. Plaintiff alleges that Officer Chendehen was in the gun tower, but the complaint is devoid of any facts regarding the response by the floor officers to the attack on Plaintiff.

In this instance, a riot had just occurred and there was some response by correctional officers. If the floor officers were able to intervene to stop the attack on Plaintiff or if the attack was brief, there would be no reason for Officer Chendehen to discharge his weapon. While Plaintiff appears to believe that such a response would be reasonable, there is always the danger

that the discharge of the weapon would have injured Plaintiff or an innocent bystander.  Plaintiff states that his eye glasses were broken and he had a black eye some days after the attack, and the extent of these injuries indicate that the attack was controlled in some manner.  In this instance, Plaintiff has included no facts from which the Court can conclude that Officer Chendehen did not have a reasonable justification for the failure to use his weapon to break up the attack.  Plaintiff's bare allegation that Officer Chendehen did not use his weapon to stop the fight, without more is insufficient to state a cognizable claim for failure to protect.

Finally, to the extent that Plaintiff is seeking to bring this action against the CDCR and Wasco State Prison, "[t]he Eleventh Amendment bars suits for money damages in federal court against a state [and] its agencies . . .[,]" Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007), "regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity," Yakama Indian Nation v. State of Washington, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Seminole Tribe of Fla. v. Florida, 116 S. Ct. 1114, 1122 (1996).  Plaintiff cannot state a claim for money damages against the CDCR or Wasco State Prison.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal, 556 U.S. 662, 678.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed April 30, 2015, is dismissed for failure to state a claim;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 24, 2015**

UNITED STATES MAGISTRATE JUDGE