UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT J. HAMILTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHENDEHEN,<br><br>　　　　Defendant. | Case No.: 1:15-cv-00661-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE DENIED<br><br>[ECF No. 28] |

Plaintiff Albert J. Hamilton is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on May 28, 2015. Local Rule 302.

**I.**

**RELEVANT HISTORY**

On October 19, 2015, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and argues that Plaintiff failed to exhaust the administrative remedies. (ECF No. 28.) Defendant also seeks to strike Plaintiff's prayer for relief. (Id.) Plaintiff filed an opposition on November 25, 2015, and Defendant filed a reply on December 2, 2015. (ECF Nos. 29, 30.) Plaintiff subsequently filed a second opposition and objection on December 17, 2015, and February 2, 2016, respectively. (ECF Nos. 31, 34.)

///

# II.

# DISCUSSION

### A. Motion to Dismiss Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

### B. Dismissal for Lack of Exhaustion of Administrative Remedies

Defendant moves for dismissal of Plaintiff's complaint for failure to exhaust the administrative remedies pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.

By the PLRA, Congress amended 42 U.S.C. §1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all

1  inmate suits about prison life, whether they involve general circumstances or particular episodes, and
2  whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532
3  (2002).

4        The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative
5  defense that defendants must plead and prove. Jones, 747 F.3d at 1166. Thus, inmates are not
6  required to specifically plead or demonstrate exhaustion in their complaints. Albino holds that, in
7  general, the defense should be brought as a Rule 56 motion for summary judgment, unless in the rare
8  event that the prisoner's failure to exhaust is clear on the face of the complaint. Albino, 747 F.3d
9  1168-1169, 1171.

10        A prisoner may be excused from complying with the PLRA's exhaustion requirement if he
11  establishes that the existing administrative remedies were effectively unavailable to him. Albino, 747
12  F.3d at 1172-1173. When an inmate's administrative grievance is improperly rejected on procedural
13  grounds, exhaustion may be excused as effectively unavailable. Sapp v. Kimbrell, 623 F.3d 813, 823
14  (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224-1226 (9th Cir. 2010) (warden's
15  mistake rendered prisoner's administrative remedies "effectively unavailable"); Brown v. Valoff, 422
16  F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at
17  second level and no further relief was available).

18        In the first amended complaint, Plaintiff checked the box "yes" affirming that an administrative
19  remedy process is available at his institution, an appeal or grievance was filed concerning all the facts
20  contained in the complaint, and the grievance process is complete. (ECF No. 15, First Amd. Compl.
21  at 2.) Plaintiff further submits that the Wasco appeals coordinator cancelled all of the appeals in log
22  numbers WSP-0-14-04434, ISP 0-14-01286, and ISP I-14-01294. (Id.) Although Defendant submits
23  that Plaintiff does not argue that the any applicable inmate grievance was improperly cancelled,
24  Plaintiff is not required to plead such argument and cannot be faulted for failing to do so. As
25  previously stated, it is the Defendant, not Plaintiff, who bears the initial and ultimate burden of
26  proving that Plaintiff failed to exhaust the administrative remedies.

27        Contrary to Defendant's argument, it is not clear from the face of the complaint that Plaintiff
28  failed to exhaust the administrative remedies. In fact, the factual allegations indicate that there are

factual matters and evidence that must be resolved and considered before the Court can determine whether Plaintiff exhausted the administrative remedies with respect to his claim against Defendant Clendenen.  Based on the record presently before it, the Court cannot find that the first amended complaint conclusively shows on its face that Plaintiff failed to exhaust the available administrative remedies.  Should Defendant wish to argue the lack of exhaustion of the administrative remedies, he should do so by way of motion for summary judgment, accompanied with relevant evidence to meet his burden of proof, and by this finding it should not be inferred that Rule 56 motion for summary judgment may not resolve this issue.  Albino, 747 F.3d at 1169.

### C. Motion to Strike Prayer for Relief

Defendant also moves to strike Plaintiff's claim for relief because it is unrelated and is immaterial and impertinent to the lawsuit.

The Court may strike from a pleading any material that is "redundant, immaterial, impertinent or scandalous."  Fed. R. Civ. P. 12(f).  "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial…."  Whittlestone, Inc. v. Handi-Craft, 618 F.3d 970, 974 (9th Cir. 2010).

In the relief portion of Plaintiff's first amended complaint, Plaintiff sole demand is as follows:

> Plaintiff's Request the Court to order C.D.C. set-up Long Term out-side, hosptail [sic] Psychiatrist medical treatment (only) paid by C.D.C. to help the Plaintiff receive mental treatment and medication like he is receiving now at CMC for sleeping disorders and depression.  The Hosptail [sic] will contact the court for the Trust-fund to be set up by CDC.  It reminded the Plaintiff of the above CDC-assaults & stabing [sic].

(ECF No. 15 at 5.)

The Court finds that the proper mechanism for dismissing Plaintiff's prayer for relief is by way of Rule 12(b)(6), not 12(f) because it is not clear that Plaintiff's prayer for relief may be stricken under Rule 12(f).  See Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970 (9th Cir. 2010) ("Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law.")  Id. at 974-975.  Although the instant prayer for relief is not for damages, the Court finds the reasoning in Whittlestone equally applicable to a motion to strike a request for injunctive relief.  See also Yamamoto v. Omiya, 564 F.2d 1319, 1327 (9th Cir. 1977) ("Rule 12(f) is

4

neither an authorized nor a proper way to procure the dismissal of all or part of a complaint.") (internal quotation marks omitted).

In this instance, Plaintiff's prayer for relief must be dismissed pursuant to Rule 12(b)(6). Plaintiff's request for injunctive relief does not seek a proper form of relief to address the constitutional claim for failure to protect against Defendant Clendenen. Plaintiff's request for mental health treatment and medication does not relate to his injuries by Defendant Chendenen's alleged failure to protect him from an inmate attack resulting in a black eye and broken eyeglasses. (ECF No. 15 at 3-4.) Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Accordingly, even assuming the truth of all of Plaintiff's allegations, Plaintiff's claim for injunctive relief has no bearing on the claim in the instant action, and the demand for relief should be dismissed.

Rule 8 of the Federal Rules of Civil Procedure specifically states that a claim for relief must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Upon granting a motion to dismiss for failure to state a claim, the Court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear … that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). In this instance, Plaintiff's prayer for relief should be dismissed, with leave to amend, because the defect can be cured by amendment.

///
///
///
///

## III.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss the complaint, without prejudice, for failure to exhaust the administrative remedies be DENIED; and

2. Defendant's motion to dismiss Plaintiff's prayer for relief be GRANTED, and Plaintiff be given leave to amend the demand for relief sought.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 26, 2016**

UNITED STATES MAGISTRATE JUDGE