UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT J. HAMILTON,<br><br>    Plaintiff,<br><br>    v.<br><br>CLENDEHEN,<br><br>    Defendant. | Case No.: 1:15-cv-00661-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE DENIED<br><br>[ECF No. 46] |

Plaintiff Albert J. Hamilton is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on May 28, 2015. Local Rule 302.

This action proceeds on Plaintiff's claim under the Eighth Amendment for failure to protect claim against Defendant Clendehen.[1]

## I.

## RELEVANT HISTORY

On October 19, 2015, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and argued that Plaintiff failed to exhaust the administrative remedies. (ECF No. 28.) Plaintiff filed an opposition on November 25, 2015, and Defendant filed a

---

[1] Plaintiff has repeatedly referred to Defendant as "Chendehen" throughout this action. However, Defendant submits the correct spelling of his name is "Clendehen," and the Court has therefore made the correction herein.

1

reply on December 2, 2015.  (ECF Nos. 29, 30.)  Plaintiff subsequently filed a second opposition and objection on December 17, 2015, and February 2, 2016, respectively.  (ECF Nos. 31, 34.)

On February 26, 2016, the undersigned issued Findings and Recommendations recommending that Defendant's motion to dismiss be granted in part and denied in part.  It was specifically recommended that the motion to dismiss for failure to exhaust the administrative remedies be denied, and granted, with leave to amend, for failure to request a demand for relief.  (ECF No. 37.)  The Findings and Recommendations were adopted in full on April 7, 2016.  (ECF No. 40.)  Plaintiff was granted thirty days to file a second amended complaint.  (Id.)

On April 18, 2016, Plaintiff filed second amended complaint.  (ECF No. 41.)  Because the second amended complaint was not complete within itself, the Court granted Plaintiff leave to file a third amended complaint.  (ECF No. 42.)  Plaintiff filed a third amended complaint on May 4, 2016, which is the operative complaint in this action.  (ECF No. 43.)

On May 19, 2016, Defendant filed a motion to dismiss the third amended complaint.  (ECF No. 46.)  Plaintiff filed an opposition on June 2, 2016, and Defendant filed a reply on this same date.  (ECF Nos. 48, 50.)  On June 16, 2016, Plaintiff filed a surreply.[2]  (ECF No. 51.)

## II.

## LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

---

[2] Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired.  Local Rule 230(*l*).  In this instance, the Court did not grant Plaintiff leave to file a surreply and does not desire any further briefing to resolve the instant motion.  Accordingly, the surreply will not be considered in these Findings and Recommendations and should be stricken from the record.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

In arriving at this recommendation, the Court has carefully reviewed and considered all arguments and points and authorities filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the parties' filings in reaching the instant recommendation.

## III.

## DISCUSSION

### A.  Summary of Plaintiff's Allegations

According to the allegations in the third amended complaint, on or about September 7, 2014, a riot took place at Wasco State Prison. Defendant Clendehen failed to protect Plaintiff from assault by other inmates. Clendehen shot his black gun five times during the commission of the riot, and inmates were injured. Clendehen let out ninety White and Mexican inmates to jump twenty Black inmates.

On this same date, the lieutenant of D-yard ordered all White and Mexican inmates back to lock-up. Clendehen was working the gun tower, and Clendehen locked up all White and Mexican inmates as ordered. However, on the way back to Plaintiff's cell (cell #109), Clendehen opened cell #108 and let two Southern Mexican inmates out. Plaintiff, who was 55 years old, had to fight the two

20 year old inmates. When Clendehen opened cell #108, he put Plaintiff's life at risk. Plaintiff alleges he has very bad knees and is ADA.

In his prayer for relief, Plaintiff request compensation from CDCR, and $10,000 for "medical needs/traumatic conditions."

### B. Third Amended Complaint in Violation of Prior Court Order

Defendant argues that that Plaintiff's third amended complaint violates this Court's April 7, 2016, order and should therefore be dismissed.

As previous stated, on April 7, 2016, the Court granted Defendant's motion to dismiss Plaintiff's prayer for relief with leave to amend the complaint as to his prayer for relief only. (Order, at 2, ECF No. 40.) The Court limited the amendment to the prayer for relief and cautioned that Plaintiff "may not plead new claims and any improper amendment as to the claims will result in the offending portions of the pleading being stricken from the record." (Id.)

Defendant argues that despite "this warning, Plaintiff has included several claims in the Third Amendment Complaint that were not included in previous iterations of this lawsuit." (Mot. at 4:3-4, ECF No. 46.) The Court rejects Defendant's argument that the claim presented in the second amended complaint is in violation of the Court's April 7, 2016, order directing that Plaintiff not add any new or unrelated claims. The claim presented in the third amended complaint is against the same Defendant and presents, as with the prior complaint, a claim of failure to protect in violation of the Eighth Amendment. Contrary to Defendant's argument, the fact that Plaintiff contends he was the victim of a crime at the hands of Defendant Clendehen merely goes to support his failure to protect claim and does not give rise to a separate and distinct claim for relief. The fundamental facts underlying Plaintiff's claim for relief against Defendant Clendehen have not been changed by the amendment in the third amended complaint. Rather, Plaintiff simply elaborated and added detail to his failure to protect claim by alleging further facts which all took place on September 7, 2014. The nature of Plaintiff's claim was not changed by the amendment. This finding is particularly so given the Ninth Circuit's liberal policy toward amendments and Plaintiff's pro se status. See, e.g., Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338,

4

342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under Iqbal).

Furthermore, the Court did not and does not interpret Plaintiff's third amended complaint as pleading a separate and distinct state law claim of negligence; rather, as found by the Court Plaintiff is proceeding solely on a constitutional claim for failure to protect in violation of the Eighth Amendment. (ECF No. 45.) Indeed, any attempt by Plaintiff to bring a claim under California Penal Code sections 679.01 (definitions) and 679.02 (statutory rights of victims and witnesses of crimes), is without merit. A private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." Id. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975); see Sohal v. City of Merced Police Dep't, No. 1:09-cv-0160-AWI-DLB, 2009 WL 961465, * (E.D. Cal. Apr. 8, 2009) ("[t]his court and courts of this circuit routinely dismiss claims based on violation of state criminal statutes where the language of the statute does not confer a private right of action"). The Court has reviewed California Penal Code sections 679.01 and 679.02 and finds no indication of a private right of action. Indeed, section 679.01 provides definitions for the terms crime, victim, and witness, and section 679.02 sets forth the statutory rights of victims and witnesses of crimes. Thus, Plaintiff may not sue Defendant for violation of the penal code, see Gonzaga University v. Doe, 536 U.S. 273, 283-86 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy).

In addition, the Court has not and does not interpret Plaintiff's third amended complaint as seeking relief for two other inmates who Plaintiff alleges were injured during the September 2014, riot. Rather, Plaintiff's allegations that involve other inmates relate merely to the merits of Plaintiff's claim. Indeed, Plaintiff, as the only signatory to the complaint, lacks standing to bring any claims on behalf of other inmates. See Jackson v. Official Representatives & Employees of Los Angeles Police Dep't, 487 F.2d 885, 886 (9th Cir. 1973) (plaintiff does not have standing to complain about deprivation of constitutional rights of others); see also Coalition of Clergy, Lawyers and Professors v. Bush, 310 F.3d 1153, 1159-1160 (9th Cir. 2002) (In order to bring a claim for a third party, Plaintiff

must show that the individual is unable to litigate his own claims due to mental incapacity, lack of court access, or other similar disability, and that he has some significant relationship with and is truly dedicated to the best interests of the individual).  Plaintiff has made no showing of third-party standing, and the Court has never found that he is entitled to bring this action on behalf of fellow inmates.  Accordingly, Defendant's motion to dismiss for improper amendment should be denied.

### C. Prayer for Relief in Third Amended Complaint

Defendant argues that the third amended complaint should be dismissed because Plaintiff demands relief that cannot be granted by the Court.

In the third amended complaint, Plaintiff states that he requests CDCR to pay him for being the victim of a crime, jury trial, and monetary damages for medical needs.  (Third Am. Compl. at 5, ECF No. 43.)

While Plaintiff is not proceeding against the California Department of Corrections and Rehabilitation (CDCR) itself, Plaintiff is proceeding against Defendant Clendehen who is employed by CDCR, and it is reasonable to construe Plaintiff's claim for damages as against Defendant Clendehen.  Furthermore, Plaintiff seeks monetary damages for the actions of Defendant Clendehen.  The Court rejects Defendant's argument that Plaintiff is simply seeking damages for a pre-existing medical condition, as such documentation does not necessarily negate his claim for damages.  While Plaintiff's complaint may not be a model of clarity, it is nonetheless sufficient, at the pleading, to require Defendant to file a response.  The extent of Plaintiff's injuries and damages are determinations that cannot be made at the pleading stage of the proceedings.  Accordingly, Defendant's motion to dismiss the complaint for failure to demand a proper prayer for relief should be denied.  Whether Plaintiff will actually be able to prove his claim for monetary damages is a question that cannot be resolved at this time, and Plaintiff has alleged enough to get past the pleading stage.  Accordingly, Defendant's motion to dismiss should be denied.

## IV.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant's motion to dismiss Plaintiff's third amended complaint be denied.

6

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 7, 2016**

UNITED STATES MAGISTRATE JUDGE