UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT J. HAMILTON,<br><br>    Plaintiff,<br><br>    v.<br><br>CLENDEHEN,<br><br>    Defendant. | Case No.: 1:15-cv-00661-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br><br>[ECF No. 55] |

Plaintiff Albert J. Hamilton is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on May 28, 2015. Local Rule 302.

This action proceeds on Plaintiff's Eighth Amendment claim for failure to protect against Defendant Clendehen.

On July 14, 2016, Plaintiff filed a motion to amend "without having to file CDC exhaust before out of state transfer." Plaintiff requests that this Court issue an order preventing his transfer to an out of state prison while his inmate appeals and court cases are pending review. Plaintiff contends his transfer is vindictive and retaliatory, and detrimental to his medical condition. Plaintiff essentially seeks a preliminary injunction preventing his transfer to an out of state prison, and the Court construes Plaintiff's motion as such a request.

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff is not entitled to any relief that is not narrowly drawn to correct the violation of his rights at issue in this action.  The constitutional and statutory requirements applicable to equitable relief preclude Plaintiff from entitlement to generalized relief such an order directing that prison officials not transfer Plaintiff to an out of state prison.  The Court's jurisdiction is limited to the parties before it in this action and to Plaintiff's claim for damages arising from an incident of alleged failure to protect on September 7, 2014. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-

04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") (citation omitted); American Civil Liberties Union of Nevada v. Masto, 670 F.3d 1046, 1061-62 (9th Cir. 2012) ("[F]ederal courts may adjudicate only actual, ongoing cases or controversies.") (citation and internal quotation marks omitted).  The equitable relief requested herein is not sufficiently related to Plaintiff's underlying legal claims to satisfy the jurisdictional requirements that apply to federal courts.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 7, 2016**

UNITED STATES MAGISTRATE JUDGE