# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT J. HAMILTON,<br><br>    Plaintiff,<br><br>v.<br><br>CLENDENEN,<br><br>    Defendant. | Case No.: 1:15-cv-00661-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES BE GRANTED AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER BE DENIED AS MOOT<br><br>[ECF Nos. 71, 72] |

    Plaintiff Albert J. Hamilton is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    Currently before the Court is Defendant's motion for summary judgment, filed February 14, 2017.

**I.**

**RELEVANT HISTORY**

    This action proceeds on Plaintiff's failure to protect claim against Defendant Clendehen.

    On October 19, 2015, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and argued that Plaintiff failed to exhaust the administrative remedies. (ECF No. 28.) Plaintiff filed an opposition on November 25, 2015, and Defendant filed a reply on December 2, 2015. (ECF Nos. 29, 30.) Plaintiff subsequently filed a second opposition and objection on December 17, 2015 and February 2, 2016, respectively. (ECF Nos. 31, 34.)

1

On February 26, 2016, the undersigned issued Findings and Recommendations recommending that Defendant's motion to dismiss be granted in part and denied in part. It was specifically recommended that the motion to dismiss for failure to exhaust the administrative remedies be denied, and granted, with leave to amend, for failure to request a demand for relief. (ECF No. 37.) The Findings and Recommendations were adopted in full on April 7, 2016. (ECF No. 40.) Plaintiff was granted thirty days to file a second amended complaint. (Id.)

On April 18, 2016, Plaintiff filed second amended complaint. (ECF No. 41.) Because the second amended complaint was not complete within itself, the Court granted Plaintiff leave to file a third amended complaint. (ECF No. 42.) Plaintiff filed a third amended complaint on May 4, 2016, which is the operative complaint in this action. (ECF No. 43.)

On May 19, 2016, Defendant filed a motion to dismiss the third amended complaint. (ECF No. 46.) Plaintiff filed an opposition on June 2, 2016, and Defendant filed a reply on this same date. (ECF Nos. 48, 50.) On June 16, 2016, Plaintiff filed a surreply. (ECF No. 51.)

On November 7, 2016, the undersigned issued Findings and Recommendations recommending that Defendant's motion to dismiss the third amended complaint be denied. (ECF No. 60.) The Findings and Recommendations were adopted in full on January 6, 2017. (ECF No. 66.)

As previously stated, Defendant filed the instant motion for summary judgment for failure to exhaust the administrative remedies on February 14, 2017. (ECF No. 71.) On February 17, 2017, Defendant filed a motion for a protective order staying all merits-based discovery. (ECF No. 72.) After receiving an extension of time, Plaintiff filed oppositions to Defendant's motion on March 27, 2017 and March 29, 2017, respectively. (ECF Nos. 85, 86.) Defendant filed a reply on April 3, 2017. (ECF No. 87.)

///
///
///
///
///
///

# II.

# LEGAL STANDARD

### A. Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'"). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

### B. Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position,

whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

### III.

### DISCUSSION

#### A. Description of CDCR's Administrative Remedy Process

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). CDCR's administrative grievance process for non-medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA). Inmates are required to submit appeals on a

4

standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b).

**B. Summary of Allegations Underlying Plaintiff's Constitutional Claims**

On or about September 7, 2014, a riot took place at Wasco State Prison, while Defendant Clendenen was working the gun-tower. Plaintiff was attacked by two Hispanic inmates when Clendenen opened cell #108. Clendenen shot his CDCR-block gun five times during the riot.

**C. Statement of Undisputed Facts[1]**

1. At all times relevant to this lawsuit, Plaintiff was an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR). (Third Am. Compl., ECF No. 43 at 4-5.)

2. On October 31, 2014, Plaintiff submitted an inmate grievance (CDCR Form 602), log no. ISP-D-14-01286, alleging that a riot had occurred at Wasco State Prison on September 7, 2014, and that he had been attacked by two Hispanic inmates after the correctional officer in the gun tower opened their cell instead of his. (McCullough Decl., ¶ 7; Ex. A.)

3. In ISP-D-14-01286, Plaintiff also alleged that he was being transferred to an out-of-state prison, and he asked that he be removed from the out-of-state transfer list. (McCullough Decl., ¶ 7; Ex. A.)

4. On November 25, 2014, Ironwood State Prison (ISP) Appeals Coordinator W. McCullough interviewed Plaintiff regarding the allegations in ISP-D-14-01286, and Plaintiff informed him that his issues had been resolved. (McCullough Decl., ¶ 8.)

5. On November 25, 2014, ISP Appeals Coordinator McCullough sent Plaintiff a letter notifying him that ISP-D-14-01286 had been cancelled. In his letter, McCullough cited California Code of Regulations, Title 15, Section 3084.6(c)(11), noting that Plaintiff had expressed that his appeal issues had been resolved. (McCullough Decl., ¶ 9; Ex. B.)

6. Plaintiff filed his original complaint in this matter on April 30, 2015. (ECF No. 1.)

---

[1] The Court has omitted the facts submitted by Plaintiff because all of the facts are not relevant to the instant motion. (See Def's Reply, ECF No. 87-1.)

5

7. On June 1, 2015, Plaintiff sent a copy of ISP-D-14-01286 to the CDCR Office of Appeals in Sacramento, California. (Voong Decl., ¶ 5; Ex. B.)

8. On July 2, 2015, CDCR Office of Appeals Chief M. Voong sent Plaintiff a letter rejecting ISP-D-14-01286 because it had been submitted at an inappropriate level, bypassing required lower levels of review. (Voong Decl. ¶ 5; Ex. B.)

### D. Findings on Defendant's Motion

Defendant moves for summary judgment based on Plaintiff's failure to exhaust the administrative remedies because Plaintiff filed an appeal regarding his claim, but it was cancelled after he informed the appeals coordinator that his issues had been fully resolved. Plaintiff never submitted a new appeal regarding the issues, and he only attempted to re-submit his cancelled appeal a month after filing this lawsuit.

In support of his motion, Defendant submits the declaration of McCullough, Appeals Coordinator at ISP, who declares that Plaintiff filed only one inmate appeal relating to the riot on September 7, 2014, and assault on Plaintiff by two Hispanic inmates-at issue in this action. (McCullough Decl., ¶ 7.) The appeal was submitted on October 31, 2014, and assigned log number ISP-D-14-01286. (McCullough Decl., ¶ 7; Ex. A.)

On November 25, 2014, McCullough interviewed Plaintiff regarding the allegations in ISP-D-14-01286, and Plaintiff informed him that his issues had been resolved. (McCullough Decl., ¶ 8.) On this same date, Plaintiff's appeal was cancelled by McCullough stating:

> Your appeal has been cancelled pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(c)(11). The issue under appeal has been resolved at a previous level.
>
> As per our interview, you expressed that your appeal issue(s) had been resolved. This appeal is being returned to you as requested.

(McCullough Decl., Ex. B.)

Every CDCR institution has a designated Appeals Coordinator responsible for screening and categorizing all inmate appeals. Cal. Code Regs. tit. 15, § 3084.5(a). The Appeals Coordinator may cancel appeals pursuant to screening criteria, but in so doing must provide clear and sufficient reasons for the cancellation of the appeal and the steps the inmate must take to qualify the appeal for

processing. Id. at § 3084.5(b)(3). A cancelled appeal does not serve to exhaust the administrative remedies under California regulations. Id. at § 3084.1(b). An inmate who has not resubmitted a cancelled appeal or who has not appealed the cancellation decision therefore does not satisfy the exhaustion requirement. Woodford, 548 U.S. at 83-84. Therefore, Plaintiff's appeal was properly cancelled at the first level of review based on Plaintiff's assertion that the issue(s) had been resolved. Cal. Code Regs. tit. 15, § 3084.6(c)(11). Plaintiff did not appeal the cancellation of ISP-D-14-01286 on November 25, 2014, despite the fact the cancellation letter specifically stated "a separate appeal can be filed on the cancellation decision." (McCullough Decl., ¶ 10; Ex B.) The instant action was filed on April 30, 2015. (ECF No. 1.)

Approximately a month after filing the instant action, Plaintiff attempted to revive his administrative appeal by improperly sending it directly to the third level of review. (Voong Decl., ¶ 5, Ex. B.) On July 2, 105, the CDCR Office of Appeals Chief M. Voong sent Plaintiff a letter rejecting ISP-D-14-01286 because it had been submitted at an inappropriate level, bypassing required lower levels of review. (Id.)

Defendant has met his initial burden of demonstrating that Plaintiff failed to exhaust the administrative remedies as to the Eighth Amendment claim against him. The burden now shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino, 747 F.3d at 1172.

In his opposition, Plaintiff focuses primarily on the merits of his claim which is not relevant to the determination as to whether he exhausted the administrative remedies, at issue in the present motion. However, Plaintiff contends that because he attempted to re-submit his appeal, albeit unsuccessfully, to the third level of review he satisfied the exhaustion requirement. Not so. Plaintiff is obligated to properly exhaust the administrative remedies prior to filing the action. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). Therefore, any attempt to exhaust after the instant action was filed is not relevant to the instant motion.

Plaintiff also contends that he never told the Appeals Coordinator that the riot was resolved and references Exhibit E, a CDCR Form 22 (request for interview), dated December 1, 2014, claiming

7

that his appeal issues were not resolved until he had a copy of the incident report for the riot. (Pl. Opp'n at 44, ECF No. 86.) However, such request is not relevant to the determination of whether Plaintiff exhausted the applicable administrative remedies. Plaintiff was required to submit a CDCR Form 602 and proceed through all applicable levels of review, and submission of Form 22 request for interview does not exhaust the administrative remedies for purposes of court actions. See Cal. Code Regs. tit. 15, §§ 3084.2(a), 3084.7, 3084.8(b); 3086(i). Furthermore, Plaintiff's only relevant appeal did not mention the incident report, therefore, the Form 22 request for interview is unrelated to the cancellation of the appeal. (ECF No. 71-4 at 6-8.) Moreover, even if the Form 22 has some relevancy to the instant motion, it was responded to by staff within two days after it was submitted on December 1, 2014, i.e. December 3, 2014. (Pl. Opp'n at 44, ECF No. 86.)

Lastly, Plaintiff contends that the exhaustion requirement does not apply in this case because it "is a PC §§ 245(a)" and "is not a prison condition complaint for one, this is a criminal U.S. (1983) (ADA) complaint." (Pl. Opp'n at 9, 70, ECF No. 85.) Plaintiff's argument lacks merit. There is no support for Plaintiff's contention that this action is somehow exempt from the PLRA exhaustion requirement. This action is proceeding solely under 42 U.S.C. § 1983, on Plaintiff's Eighth Amendment claim for failure to protect against Defendant Clendenen. The action is not proceeding under the California Penal Code or the Americans with Disabilities Act. Indeed, the Court has previously explained that Plaintiff is not and cannot proceed with claims under the California Penal Code. (ECF Nos. 60, 66.) Therefore, Plaintiff was required to exhaust the administrative remedies prior to filing the instant action.

Plaintiff has failed to meet his burden in demonstrating that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. Albino, 747 F.3d at 1172. Accordingly, Defendant Clendenen's motion for summary judgment should be granted and the instant action should be dismissed for failure to exhaust the administrative remedies. Because the undersigned has recommended that Defendant's motion for judgment be granted for failure to exhaust the administrative remedies, Defendant's motion for protective order to stay all merits-based discovery has been rendered moot and shall be denied.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment be granted; and

2. The instant action be dismissed, without prejudice, for failure to exhaust the administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 1, 2017**

UNITED STATES MAGISTRATE JUDGE