# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT J. HAMILTON,<br><br>    Plaintiff,<br><br>    v.<br><br>CLENDEHEN,<br><br>    Defendant. | Case No.: 1:15-cv-00661-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE JUNE 28, 2017, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING THE ACTION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br><br>[Doc. Nos. 93, 95] |

On June 28, 2017, Defendant Clendehen's motion for summary judgment for failure to exhaust the administrative remedies was granted, and the action filed pursuant to 42 U.S.C. § 1983, was dismissed, without prejudice.

Currently before the Court is Plaintiff's motion to re-open the case based on his claim that W. McCullough, Appeals Coordinator at Ironwood State Prison, filed a false declaration in support of Defendant's motion for summary judgment. (Doc. 95.)

**I.**

**DISCUSSION**

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of

1

Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986).

It appears that Plaintiff seeks reconsideration under Federal Rule of Civil Procedure 60(b)(3), which states in pertinent part "the court may relieve a party… from a final judgment, order, or proceeding for … fraud …, misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To obtain relief under Rule 60(b)(3), Plaintiff must "prove by clear and convincing evidence that the [judgment] was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented [Plaintiff] from fully and fairly presented [his] arguments. Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004).

Plaintiff contends that "W. McCullough, prepared a false document to be use[d] as evidence in a court of law, (see PC §§ 134.)" (ECF No. 95 at 2.) Plaintiff's conclusory argument of fraud and /or misrepresentation largely reiterates his conclusory arguments set forth in his opposition to the motion for summary judgment and objections to the Findings and Recommendations. Plaintiff was specifically informed that he was required to provide specific facts supported by evidence to rebut Defendant's facts. (ECF No. 70-1.) Indeed, the Court considered and rejected Plaintiff's argument regarding what he told W. McCullough with regard to his alleged grievance, stating:

> Plaintiff also contends that he never told the Appeals Coordinator that the riot was resolved and references Exhibit E, a CDCR Form 22 (request for interview), dated December 1, 2014, claiming that his appeal issues were not resolved until he had a copy of the incident report for the riot. (Pl. Opp'n at 44, ECF No. 86.) However, such request is not relevant to the determination of whether Plaintiff exhausted the applicable administrative remedies. Plaintiff was required to submit a CDCR Form 602 and proceed through all applicable levels of review, and submission of Form 22 request for interview does not exhaust the administrative remedies for purposes of court actions. See Cal. Code Regs. tit. 15, §§ 3084.2(a), 3084.7, 3084.8(b), 3086(i). Further, Plaintiff's only relevant appeal did not mention the incident report, therefore, the Form 22 request for interview is unrelated to the cancellation of the appeal. (ECF No. 71-4 at 6-8.) Moreover, even if the Form 22 has some relevancy to the instant motion, it was responded to by staff within two days after it was submitted on December 1, 2014, i.e. December 3, 2014. (Pl. Opp'n at 44, ECF No. 86.)

(ECF No. 90 at 7:1-8:10.)

Plaintiff must do more than attack the credibility of Defendant's evidence. See National Union Fire. Ins. Co. v. Argonaut Ins. Co., 701 F.2d 95, 97 (9th Cir. 1983) ("[N]either a desire to cross-examine an affiant nor an unspecified hope of undermining his or her credibility suffices to avert . . .

judgment."). "Unfounded speculation as to an affiant's alleged lack of personal knowledge of the events in his affidavit does not render it inadmissible." Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011). Plaintiff's arguments are insufficient to satisfy the clear and convincing standard and therefore there is basis to warrant reconsideration under Rule 60(b)(3). Accordingly, Plaintiff's motion for reconsideration is denied.

IT IS SO ORDERED.

Dated: September 27, 2017

_____
SENIOR DISTRICT JUDGE